# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| ANTHONY D. SARLO, | ) | Case No. 15-34234 |
| Debtor. | ) | |
| | ) | |
| CITY OF CHICAGO, a Municipal Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 16-_____ |
| | ) | |
| ANTHONY D. SARLO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Judge Timothy A. Barnes |

### COMPLAINT SEEKING A DETERMINATION OF
### THE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

The City of Chicago ("City"), through its attorney, Steven R. Patton, Corporation Counsel of the City, files its Complaint to determine the dischargeability of a debt owed to the City by Defendant Anthony D. Sarlo ("Sarlo") pursuant to 11 U.S.C. § 523(a)(2)(A) and Fed. R. Bankr. P. 4007. For its Complaint, the City alleges and states as follows:

### NATURE OF THE CASE

1. This is an adversary proceeding in which the City is seeking a determination as to the dischargeability of a debt owed by Sarlo to the City under 11 U.S.C. § 523(a)(2)(A), as a debt for money obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

3. This is a core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1409(a) because Sarlo filed his bankruptcy case in this District and is domiciled in this District.

## PARTIES

5. Plaintiff, the City, is a municipal corporation organized and existing under the laws of the State of Illinois. The City is a creditor as noted in Sarlo's schedules accompanying his voluntary petition for Chapter 13 bankruptcy and is owed amounts based on a workers' compensation benefits overpayment.

6. Defendant Sarlo is an individual residing within the Northern District of Illinois. Sarlo filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code on October 7, 2015, thereby commencing Case No. 15-34324.

## FACTUAL BACKGROUND OF WORKERS' COMPENSATION BENEFITS OVERPAYMENT

**7.** Since January 2000, Sarlo has been employed by the City in the Department of General Services as a motor truck driver.

8. On or about July 11, 2011, Sarlo submitted a claim for workers' compensation benefits with the City for an alleged work related injury he sustained on June 3, 2011, to his right arm and received $60,606.93 in temporary and total disability benefits from the City, which now forms the basis of the dischargeability dispute in this case. See City of Chicago Injury on Duty Report dated July 11, 2011, attached as Exhibit (Ex.) A.

9. Sarlo did not report any injury to his back, neck, or shoulder to the City on June 3, 2011, and he did not seek any medical treatment on that day. See Illinois Workers' Compensation Commission Notice of Arbitration Decision dated June 24, 2013, case number 11WC28400, attached as Ex. B, at 1.

10. On or about June 15, 2011, Sarlo saw his primary care physician for back and neck pain. On that date, Sarlo omitted any mention of the alleged work related accident. Instead, Sarlo complained of having recurring neck and back pain for 6 to 7 years, reported that he was involved in a motor vehicle accident 12 years ago, and reported that he had arthritis. Id. at 1, 2.

11. On or about June 15, 2011, Sarlo learned that his back pain was due to the likely progression of arthritis. Id. at 2.

12. On or about July 5, 2011, Sarlo went to the emergency room at Advocate Lutheran General Hospital reporting ongoing pain to his neck, shoulder, and upper back. Id.

13. On or about July 6, 2011, Sarlo followed up with his primary care physician regarding his ongoing upper back pain. Id. at 2.

14. From June 3, 2011, through July 11, 2015, the medical records are devoid of any reference to an incident, injury, or accident at work on June 3, 2011. Id. at 8.

15. On or about July 11, 2011, 39 days after the alleged work accident, Sarlo submitted his workers' compensation claim with the City by orally communicating the alleged work accident to his supervisor. Id. at 8. Sarlo reported the date of the alleged injury at work to be June 3, 2011, and alleged that he injured his right arm when pulling the hood of a bus open to check the fluids. See Ex. A.

16. On or about July 11, 2011, Sarlo was referred by his supervisor to Mercy Works, which is a medical facility where City employees are required to go when reporting a work related injury. Sarlo orally reported this alleged work accident to Mercy Works on that day. See Ex. B at 3.

17. On or about July 27, 2011, Sarlo submitted an Application for Adjustment of Claim (Application for Benefits) ("Application") with the Illinois Workers' Compensation Commission ("Commission") to apply for temporary and total disability benefits from the City. See Sarlo's Application filed July 27, 2011, attached as Ex. C.

18. On or about September 28, 2011, the City initiated payments of temporary and total disability payments to Sarlo. Sarlo received temporary and total disability benefits from the City for the period of July 12, 2011, through August 14, 2011, and September 23, 2011, through December 2, 2012, for a total payment of $60,606.93. See Ex. B, at 8.

19. On May 8, 2013, a hearing was held on Sarlo's Application before the Honorable Barbara N. Flores ("Arbitrator"), an arbitrator with the Commission, in the matter of Anthony D. Sarlo v. City of Chicago, case number 11WC028400.

20. On June 24, 2013, the Arbitrator held that Sarlo was not entitled to workers' compensation benefits because Sarlo did not sustain an accident that arose out of and in the course of his employment and that Sarlo's condition of ill-being is not casually related to the accident. Id.

21. The Arbitrator found that Sarlo was not credible because of multiple inconsistencies in his testimony and contradictions from the medical records. Id. at 7.

22. Below is an excerpt from the Arbitrator's written decision that describes the various inconsistencies in Sarlo's testimony:

4

> Petitioner testified that he suffered an injury on June 3, 2011, but he did not report his injury right away because he did not think it was that severe. On cross-examination, however, Petitioner testified about neck and right shoulder pain so severe that he was unsure how he managed to work full duty for weeks between the claimed injury at work and his first doctor's visit. Moreover, while notice is not a disputed issue, it is notable that Petitioner did not notify his employer of the alleged accident on June 3, 2011, until July 11, 2011, 39 days later, and that he did not notify his employer or his primary care physician on June 15, 2011, about the alleged incident at work.
>
> In fact, the June 3, 2011 through July 11, 2011, medical records are devoid of any reference to an incident, injury or accident at work on June 3, 2011. * * * Dr. Patton diagnosed Petitioner with upper back pain and a backache. She noted that it was a "likely progression of arthritis[.]" Petitioner did not report any right shoulder pain and no findings were made after a physical examination related to the right shoulder. In any event, the physical examination findings on this date are not reflective of the severity that Petitioner testified he felt pain on cross examination, which is further inconsistent with his testimony on direct and re-direct examinations.
>
> Finally, the Arbitrator notes that Petitioner denied having any prior complaints regarding his neck, upper back or right shoulder on direct examination and only testified about this event which resulted in a right shoulder surgery and some, albeit minimal, neck complaints on cross examination.

Id. at 7-8.

23. Further, the Arbitrator ruled that the City is entitled to a credit of $60,606.93 for temporary and total disability benefits that the City paid to Sarlo. Id. at 8.

24. On or about February 27, 2014, after Sarlo appealed the Arbitrator's decision to the Commission by filing a Petition to Review, the Commission affirmed and adopted the Decision of the Arbitrator dated June 24, 2013. See Commission's Decision dated February 27, 2014, case number 14IWCC0151, attached as Ex. D.

25.    Sarlo did not appeal the Commission's decision and the time period to appeal has expired as provided in the Illinois Workers' Compensation Act. See 820 ILCS 305/19(f)(1) (West 2015). Therefore, the Commission's decision is final.

**EXCEPTION FROM DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

26.    Bankruptcy Code § 523(a) provides, in relevant part, that:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> * * *
>
> (2)    for money, property, services, or an extension, renewal, or refinancing of credit, to the extend obtained by—
>
> (a)    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A).

27.    On or about July 11, 2011, Sarlo submitted a request for workers' compensation benefits with the City that was based on false pretenses, false representation, or actual fraud because Sarlo's injury did not arise out of and in the course of his employment and his condition of ill-being was not casually related to the alleged work accident as determined by the Commission on June 24, 2013. See Ex. B.

28.    When Sarlo submitted his workers' compensation claim, he knew or should have known that his injury and alleged accident did not arise out of and in the course of his employment, as shown by the following facts:

(a)    Sarlo had an extensive prior medical history of a pretexting injury and surgery on his shoulder unrelated to this alleged work related accident.

6

(b)     Sarlo had experienced prior neck and back pain for 6 to 7 years and had arthritis. Id.

(c)     On June 15, 2011, Sarlo received a contrary diagnosis from his primary care physician, that the cause of his back pain was the likely progression of arthritis. Id. at 2.

(d)     On June 15, 2011, Sarlo did not disclose this alleged work related accident to his primary care physician despite claiming he was in severe pain. Id. at 8.

(e)     In fact, from June 15, 2011, to July 6, 2011, Sarlo's medical records are devoid of any reference to his alleged work related injury. Id. at 8.

(f)     Sarlo did not disclose the alleged work related accident to the City until 39 days later. Id. at 8.

29.     Sarlo intended to deceive and defraud the City when he filed for workers' compensation benefits for injuries that did not arise out of and in the course of his employment.

30.     The City justifiably relied on Sarlo's representations of his accident and injury and was induced to pay temporary and total disability benefits. Had the false workers' compensation claim not been submitted by Sarlo, the City would not have paid $60,606.93 in temporary and total disability benefits to Sarlo.

31.     The fraudulent workers' compensation claim submitted by Sarlo caused the City to pay $60,606.93 in temporary and total disability benefits and created the debt that is now the subject of the dischargeability dispute.

WHEREFORE, the City, respectfully requests that this Court determine that the debt of $60,606.93 owed by Anthony D. Sarlo to the City is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), and grant such other relief as this Court deems just and fair.

    Respectfully Submitted,

    THE CITY OF CHICAGO

    Stephen R. Patton,
    Corporation Counsel


    By: /s/ Marianna Kiselev
        Assistant Corporation Counsel


Stephen R. Patton
Corporation Counsel
Susan Song
Chief Assistant Corporation Counsel
Marianna Kiselev (ARDC # 6303720)
Assistant Corporation Counsel
City of Chicago Department of Law
121 North LaSalle Street, Suite 400
Chicago, Illinois 60602
(312) 742-0139